**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA - EASTERN DIVISION**

| | |
|---|---|
| R.J. Zavoral & Sons, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> City of Mayville, North Dakota <br><br> Defendant. | Case No. _____ <br><br><br> **COMPLAINT** <br><br> **(Jury Trial Demanded)** |

Plaintiff R.J. Zavoral & Sons, Inc. ("Zavoral"), for it Complaint against Defendant City of Mayville (the "City"), states and alleges as follows:

## PARTIES

1. Plaintiff is a Minnesota corporation is engaged in the construction industry.

2. Defendant is a North Dakota municipality under North Dakota law.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000 in value, exclusive of costs and interest.

4. Venue is proper in the United States District Court for the District of North Dakota under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in the City of Mayville, located in Traill County, North Dakota.

5. On or about June 13, 2022, Plaintiff and Defendant entered into a construction contract for work on the Street and Storm improvement District No. 2027-1; Citywide Street and Drainage Project (the "Project").

083397\012\7167469.v1

## COUNT I
### (Breach of Contract)

6.     During the course of the Project, a number of disputes arose, including disputes over:

a.     The amount of retainage payable to Plaintiff by Defendant;

b.     Whether the required punchlist work was completed by Plaintiff;

c.     Whether liquidated damages were valid and appropriately imposed against Plaintiff;

d.     Whether Defendant was entitled to withhold damages from Plaintiff for additional engineering fees; and

e.     Whether Defendant was entitled to withhold money from Plaintiff for asphalt overruns.

7.     Instead of honoring its contractual obligations, Defendant wrongfully:

a.     Withheld $113,543.67 of retainage owed Plaintiff to offset alleged punchlist work;

b.     Withheld $29,000 of liquidated damages;

c.     Withheld $80,000 for additional engineering fees; and

d.     Withheld $246,000 for asphalt overruns.

8.     Defendant's conduct described above constitutes a breach of contract, including, but not limited to, a breach of the Defendant's obligation to pay Plaintiff as required, to grant time extensions and/or waive liquidated damages, and to act in good faith and treat Plaintiff fairly.

9.     Plaintiff gave Defendant notice of its breaches of contract, but Defendant failed and/or refused to cure its breaches.

083397\012\7167469.v1

10.     Plaintiff has satisfied any conditions precedent to the proper commencement of this action.

WHEREFORE, Plaintiff demands judgment as follows:

1.     Judgment for Plaintiff and against the Defendant for compensatory damages in an amount in excess of $75,000.00 plus interest, costs, disbursements, and reasonable attorneys' fees.

2.     Awarding any other relief that the Court may deem just and equitable.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial on all claims triable to a jury.

DATED: March 18, 2026                           **FABYANSKE, WESTRA, HART & THOMSON, P.A.**


By:     /s/ Kyle E. Hart
        Kyle E. Hart (MN Atty. #159025)
        khart@fwhtlaw.com
        80 South Eighth Street, Suite 1900
        Minneapolis, MN  55402
        (612) 359-7600 (P)
        (612) 359-7602 (f)
        **ATTORNEYS FOR PLAINTIFF**

3

083397\012\7167469.v1